**LIPSITZ et al. v. FIRST NAT. BANK OF GORDON et al.  (No. 773–4752; Motion No. 7614.)**

Commission of Appeals of Texas, Section B. June 25, 1927.

1. Interest ⬳46(1)—Trustee for creditors held chargeable with 6 per cent. interest from date of demand on him.

Trustee for creditors *held* chargeable with 6 per cent. interest on the sum in his hands after date of demand on him therefor, but not chargeable with interest prior to the date of the demand.

2. Assignments for benefit of creditors ⬳263 —Trustee for creditors who himself paid superior lien held entitled to reimbursement where sum in hands after paying creditors was more than sufficient.

Where a trustee for creditors paid a vendor's lien on land which was superior to any other claims thereon, and the sum in his hands from the sale of the land was more than sufficient to pay all claims including the amount necessary to reimburse the trustee, *held*, that the trustee was entitled to reimbursement for the amount paid by him to discharge the vendor's lien.

3. Appeal and error ⬳1119—Supreme Court cannot disburse portion of fund in hands of trustee to which parties showed no right.

Where the parties before the court did not show themselves to be entitled to a portion of a fund in the hands of a trustee for creditors, the Supreme Court had no power to disburse this portion of the fund.

*Error to Court of Civil Appeals of Eleventh Supreme Judicial District.*

On rehearing.  Former judgment (293 S. W. 563) reformed and affirmed.

See, also, 288 S. W. 609.

Spence, Smithdeal, Shook & Spence, of Dallas, for plaintiffs in error.

Jno. H. Eaton, of Gordon, and Ritchie & Ranspot, of Mineral Wells, for defendants in error.

SHORT, J.  The plaintiffs in error have filed a motion for rehearing in this case, upon a consideration of which we have reached the conclusion that the judgment heretofore rendered herein should be modified and reformed by reducing the same to the extent of the amount of the vendor's lien note discharged by Lipsitz, as trustee, in accordance with that part of the judgment of the trial court in cause No. 4659.  This judgment, among other things, contains the following:

"It is further ordered, considered, adjudged, and decreed by the court that the undivided three-sixths interest in tract No. 7 herein vested in said plaintiffs Lee Rice, R. R. Rice, and Lois M. Rice is charged with the sum of $261.68, with interest from this date at the rate of 6 per cent. per annum, being one-half of the indebtedness with legal interest thereon paid by the defendant Louis Lipsitz, trustee, secured by valid and subsisting vendor's lien upon said tract of land."

The whole title to this tract was elsewhere in said judgment vested in Lipsitz, as trustee, and this amount of $261.68 then charged against the lands awarded to the Rice heirs, as shown by the following language:

"But, pursuant to the judgment and decree as rendered and entered herein on the 22d day of September, 1919, it is further now by the court ordered and so adjudged and decreed that defendant Louis Lipsitz, trustee, is entitled to have and recover out of the lands allotted and adjudged to the plaintiffs the following sums of money, with legal interest thereon from the date of said judgment herein heretofore rendered as aforesaid on the 22d day of September, 1919, to wit: A vendor's lien indebtedness described in said decree of $261.68."

[1] As stated in our original opinion, the lands adjudged to the heirs of Lois E. Rice, deceased, were charged with the payment of certain sums of money to certain parties, among others this sum above mentioned, and, said heirs not having paid said money, the lands were sold for a sum sufficient to pay all the debts due at the time of said sale charged against them, including the debt due on the vendor's lien note which the trustee, Lipsitz, had paid as such trustee.  The effect of the judgment heretofore rendered by us was to exclude from any participation in this fund the said trustee by reason of his right to be reimbursed to the extent of one-half of the amount so paid, as was the effect of the judgment rendered by the Court of Civil Appeals which was affirmed.  And upon a further consideration of the record, we think that the motion to the extent above stated should be granted, and that the judgment heretofore rendered should be modified and reformed by reducing same so as to protect the rights of Lipsitz, the trustee, to retain in his hands out of said fund the amount adjudged to him in cause No. 4659, in view of the fact that the amount in his hands as trustee is sufficient to discharge all the indebtedness due to the creditors of the first community as stated in said judgment rendered in said cause, which indebtedness according to said judgment dated the 22d day of September, 1919, is as follows:  First National Bank of Gordon, $704.90; James Cox, $291.50; Mrs. M. A. Anderson, $29.15; Louis Lipsitz, trustee, $261.68.  The above-mentioned amounts adjudged to the respective parties should bear interest at the same rate from the date of the judgment rendered in cause No. 4659.  So, calculating the interest upon the several amounts and adding the interest so accrued to the principal of each amount, we have the following amounts due

at this time to the following persons, to pay which there is the sum of $1,832.90, with interest as hereinafter mentioned, which the record shows was received by Louis Lipsitz and which was not demanded of him by the defendants in error until October 23, 1923, when the original petition in this case was filed, by reason of which fact the said Louis Lipsitz should not be charged with interest until that date, but after said date last mentioned said amount should bear interest as against Louis Lipsitz, trustee, at the rate of 6 per cent. per annum, to wit:

| | |
|---|---:|
| Amount due First National Bank of Gordon at this time | $1,033 12 |
| Amount due James Cox at this time | 437 20 |
| Amount due Mrs. M. A. Anderson at this time | 42 62 |
| Amount due Louis Lipsitz, trustee, at this time | 382 63 |
| Total | $1,895 57 |
| Amount of the fund, with interest in the hands of Louis Lipsitz, trustee, at this date | $2,235 50 |

[2, 3] The record in this case shows beyond any question that the fund which went into the hands of the trustee, Lipsitz, was the full value of the lands, which were the sole security defendants in error had for their debts, and the record further clearly shows that the trustee, Lipsitz, discharged a valid and subsisting lien prior and superior to the lien of the defendants in error by paying the indebtedness to the persons holding said superior lien, thus and thereby relieving the property from this burden, and to that extent increasing the fund from which they were entitled to receive payment of their several debts. Such being the state of the record, equity does protect the right of the trustee Lipsitz to be reimbursed to the extent of the money thus paid by him, the benefit of which was received by the defendants in error. In consequence of which, we have reached the conclusion that the judgment heretofore rendered by us should be set aside to the extent above indicated, and that said judgment should be so modified and reformed as to allow the First National Bank of Gordon a recovery against the defendant in error Louis Lipsitz, as trustee, in the sum of $1,033.12, and to allow a recovery against said trustee in favor of defendant in error James Cox in the sum of $437.20, with interest on each of said amounts from this date, which is the 25th day of June, 1927. The remainder of the funds in the hands of Louis Lipsitz, except the sum of $382.63 which belongs to him, is not within the power of this court to disburse, since the parties who are before this court are not shown to be entitled to any part thereof.

We therefore recommend that the judgment heretofore rendered in this cause by us to the extent indicated in this opinion be set aside, and that judgment be rendered in favor of the First National Bank of Gordon against Louis Lipsitz, trustee, for the sum of $1,033.12, with 6 per cent. interest from June 25, 1927; that judgment be rendered in favor of the defendant in error James Cox against Louis Lipsitz, trustee, for the sum of $437.20, with interest at 6 per cent. from the 25th day of June, 1927. We further recommend that the costs accrued in the Supreme Court be taxed against the plaintiffs in error and the defendants in error equally, and that the costs in the lower courts be adjudged in accordance with the judgment of the Court of Civil Appeals, which adjudged the costs against the defendants in error.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals reformed, and, as reformed, affirmed as recommended by the Commission of Appeals.